IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CRUZ MARQUEZ AGUILA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 317-008 |
| ) | |
| STACEY N. STONE, Warden, ) | |
| ) | |
| Respondent. ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. The Court **REPORTS** and **RECOMMENDS** the petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.  BACKGROUND**

Petitioner, a citizen of Mexico, was deported to Mexico from the United States on May 5, 1995. United States v. Cruz Marquez-Aguila, 7:14-CR-33-HL-TQL, doc. no. 26, p. 7 (M.D. Ga. Sep. 11, 2014) ("CR 714-033"). Petitioner reentered the United States. On September 13, 1996, Petitioner was convicted of the aggravated felony of bringing in and harboring aliens, in the United States District Court for the Central District of Illinois. Id. On June 18, 1997, Petitioner was again deported to Mexico. Id. Petitioner reentered the United States. On March 3, 2014, Petitioner was convicted of disorderly conduct in the State Court of Colquitt County, Georgia, and was sentenced to eleven months probation. (Doc. no.

8-2, p. 12.)

On April 25, 2014, the Municipal Court of Moultrie, Georgia charged Petitioner with failing to stop at a stop sign and driving without a valid license. (Id. at 8.) Because Petitioner did not appear for court, the Colquitt County Sheriff's Department arrested Petitioner on June 18, 2014. (Id. at 7, 10.) On June 26, 2014, the Municipal Court of Moultrie, Georgia, sentenced Petitioner to nine days time served for failing to appear. (Id. at 2, 8, 10.)

Petitioner was held in Colquitt County from June 27, 2014, through July 29, 2014. On July 29, 2014, the State Court of Colquitt County found Petitioner had violated the conditions of his probation and sentenced him to time served from June 27 through July 29. (Id. at 12.) On August 11, 2014, the Colquitt County Jail released Petitioner into the custody of the Bureau of Immigration and Customs Enforcement ("ICE") pending a final determination of deportability. (Doc. no. 1, p. 11; doc. no. 8-2, p. 3.)

On September 11, 2014, the grand jury in the Middle District of Georgia charged Petitioner with one count of illegal reentry by a removed alien, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). CR 714-033, doc. no. 1. On October 9, 2014, ICE transferred custody of Petitioner to the United States Marshals Service, and he was brought before a United States Magistrate Judge for initial appearance. (Doc. no. 8-2, p. 6.) On January 15, 2015, Petitioner pleaded guilty to one count of illegal reentry by a removed alien. (Id.) On March 25, 2015, Petitioner was sentenced to fifty-seven months imprisonment, three years supervised release, and a $100.00 special assessment. (Id. at 17-23.)

The Bureau of Prisons ("BOP") calculated Petitioner's projected release date,

2

including 108 days of earned good conduct time ("GTC"), to be October 19, 2018. (Id. at 27.) The BOP's calculation includes jail credit from July 30, 2014, through August 11, 2014, and from September 11, 2014, through March 24, 2015. (Id. at 25.) The calculation does not include: (1) June 18, 2014, through June 26, 2014, time Petitioner served on the nine-day sentence imposed by the Moultrie Municipal Court for failure to appear; (2) June 27, 2014, through July 29, 2014, time Petitioner served for the Colquitt County probation revocation; and (3) August 11, 2014, through September 10, 2014, time Petitioner was in ICE custody until his initial appearance on the illegal reentry charge. (See id. at 2, 25.)

Through the administrative grievance procedure, Petitioner demanded credit for all time spent in custody from June 18, 2014, through March 24, 2015. (Doc. no. 1, p. 11.) The BOP denied Petitioner's grievance, and Petitioner filed the instant petition arguing the BOP erred in denying credit for all time spent in detention from June 18, 2014, through March 25, 2015. (See id. at 6-7.) Respondent maintains Petitioner's projected release date is correct because Petitioner has received all applicable credits. (See doc. no. 8.)

## II. DISCUSSION

The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585, which provides as follows:

> (a) Commencement of a sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentences commences-

3

> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

This code section establishes two principles of sentence crediting. First, to qualify for a credit, the defendant must have served the time as a result of either the offense underlying the sentence or an offense for which the defendant was arrested after commission of the underlying offense. 18 U.S.C § 3585(b)(1)-(2).

Second, under no circumstances may a defendant receive double credit for time served prior to sentencing. Section 3585 expresses this principle in two ways, first by providing that a defendant shall receive credit for "the time he has spent in official detention prior to the date the sentence commences." Id. A defendant must therefore receive credit equal to, but not more or less than, the time in detention prior to sentencing. Second, § 3585 provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence." Id. In sum, when read together, these components of § 3585 provide that one day in presentence detention equals one day of credit that can be applied only once.

### A. Petitioner is Not Entitled to Federal Credit for Time Previously Credited Against His State Sentences.

Petitioner seeks federal credit for two periods of time previously credited to his state sentences for failure to appear and for his probation violation. (See generally doc. no. 1, pp. 6-7.) However, under § 3585(b), time credited to Petitioner's state sentences cannot be

4

credited again to his federal sentence. See Shepherd v. Warden, USP-Atlanta, No. 16-12002, 2017 WL 1192188, at *1 (11th Cir. Mar. 31, 2017) (finding petitioner was not entitled to federal credit for time previously credited to state sentence).

The first period, Petitioner's arrest for failure to appear on June 18, 2014, through his sentencing on June 26, 2014, was previously credited against Petitioner's state sentence for failure to appear. (Doc. no. 8-2, pp. 2, 8, 10.) The second period, from June 27, 2014, through July 29, 2014, was previously credited against Petitioner's sentence for violation of probation. (Id. at 2, 12.) Petitioner is not entitled to credit for these periods. See Shepherd, 2017 WL 1192188 at *1.

### B. Petitioner is Not Entitled to Double Credit for Time Already Credited to His Federal Sentence.

Petitioner seeks federal credit for two periods of time for which he has already received credit: (1) July 30, 2014, through August 10, 2014, and (2) September 11, 2014, through March 24, 2015. (See doc. no. 1, pp. 6-7.) The BOP has already credited Petitioner with these periods of time against his federal sentence for illegal reentry, and he is not entitled to double credit. See 18 U.S.C § 3585(b)(1)-(2); (Doc. no. 8-2, pp. 2-3, 25.)

### C. Petitioner is Not Entitled to Credit for Time Spent in ICE Custody.

Petitioner seeks credit for time spent in ICE custody pending a deportability determination, from August 12, 2014, through September 10, 2014. Time spent in custody pending a civil deportation determination does not qualify as time in "official detention" and thus does not result in a credit under § 3585. Indeed, Program Statement ("PS") 5880.28 of

5

the Sentence Computation Manual (CCCA of 1984), which implements the congressional mandate of 18 U.S.C. § 3585(b), provides:

> Official detention does not include time spent in the custody of the U.S. Immigration and Naturalization Service (INS)[1] under the provisions of 8 U.S.C. § 1252 pending a final determination of deportability. An inmate being held by <u>INS pending a civil deportation determination is not being held in "official detention" pending criminal charges.</u>

PS 5880.28, Page 1 – 15A, *available at* www.bop.gov/policy/progstat/5880_028.pdf (emphasis in original). Similarly, this Circuit has held that deportation proceedings are civil rather than criminal in nature. United States v. Noel, 231 F.3d 833, 837 (11th Cir. 2000) (*per curiam*); Barthold v. United States INS, 517 F.2d 689, 691 (5th Cir. 1975). The Supreme Court has instructed lower courts that this PS is entitled to at least "some deference." Reno v. Koray, 515 U.S. 50, 60-61 (1995).

Furthermore, credit for time spent in "official detention" under § 3585 is available only to defendants who were detained in a "penal or correctional facility" subject to BOP control. Id. at 58-62. The correctional facility must be designated by the BOP for the service of federal sentences, where the BOP "has discretion to transfer a prisoner from one penal or correctional facility to another." Id. at 58. Here, Petitioner was in ICE custody and was subject to ICE control, not BOP control.

Citing Zavala v. Ives, 785 F.3d 367, 369 (9th Cir. 2015), Petitioner argues he was detained by ICE pending potential prosecution, and not for civil deportation proceedings. (Doc. no. 9, p. 2.) The controlling precedent concerning this argument is not Zavala, but is

---

[1] Pursuant to a 2003 reorganization of the Department of Homeland Security, the former INS was merged with elements of the United States Customs Service to create ICE.

6

instead Noel. Therein, the Eleventh Circuit held that time spent in ICE administrative custody is not spent "pending a civil deportation determination" where the detention is a "mere ruse[] to detain a defendant for later criminal prosecution." Noel, 231 F.3d at 836. However, this exception "should only be applied when 'the defendant demonstrates that the primary or exclusive purpose of the civil detention was to hold him for future criminal prosecution.'" Id. (citing United States v. De La Pena-Juarez, 214 F.3d 594, 598 (5th Cir. 2000)). Petitioner has offered no evidence to suggest his ICE administrative custody was a ruse to detain him for criminal prosecution, much less that it was the primary or exclusive purpose of his detention. Indeed, is undisputed that Petitioner was in ICE custody for civil deportation proceedings until his transfer to the Middle District of Georgia on October 9, 2014, to face the indictment issued one month earlier on September 11, 2014. In sum, Petitioner was not held in "official detention" from August 12, 2014, through September 11, 2014, and he is not entitled to the jail credit he seeks.

### D. Petitioner is Not Entitled to Additional Good Conduct Time.

To the extent Petitioner argues he is entitled to additional good conduct time ("GCT") against his sentence, this argument does not afford relief because Petitioner's good conduct credits were properly calculated. Under 18 U.S.C. § 3624, a federal prisoner can receive credit for "satisfactory behavior" as follows:

(b) Credit toward service of sentence for satisfactory behavior.--

> (1) . . . [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the [BOP] that,

7

> during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [I]f the [BOP] determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the [BOP] determines to be appropriate. . . .

Id. § 3624(b)(1).

The BOP promulgated a regulation explaining the proper method for calculating GCT under this statute, which states an inmate earns, subject to certain exclusions not applicable in the instant case, "54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year). . . ." 28 C.F.R. § 523.20; see also PS 5884.03, Good Conduct Time Under the Prison Litigation Reform Act, available at http://www.bop.gov/policy/progstat/5884_003.pdf (explaining inmates may be awarded fifty-four days of GCT for each full year served). The BOP's interpretation of how to award GCT pursuant to § 3624(b) is entitled to deference as described above and has been approved both by the Eleventh Circuit Court of Appeals and the United States Supreme Court. Barber v. Thomas, 560 U.S. 474, 480 (2010); Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005).

Here, Petitioner has earned 108 days of GCT credits against his federal sentence, and is projected to earn 223 days. (Doc. no. 8-2, p. 27.) Petitioner has not adequately explained why he believes he is entitled to additional GCT credits. Respondent has established that the BOP followed, and correctly applied, the applicable statutes, regulations and program statements in awarding GCT and calculating Petitioner's projected release date. (Doc. no. 8-2, p. 3.) Accordingly, Petitioner has not shown the calculation of his sentence is in violation

of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241.

## III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the § 2241 petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 18th day of May, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA